**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1737**

RICCY MILED REYES-GOMEZ; C.D.I.R.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: July 30, 2021                    Decided: August 9, 2021

Before NIEMEYER, KEENAN, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Evelyn Smallwood, Robert Lamb, HATCH ROCKERS IMMIGRATION, Durham, North Carolina, for Petitioners. Brian Boynton, Acting Assistant Attorney General, Andrew N. O'Malley, Senior Litigation Counsel, Joseph A. O'Connell, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioners Riccy Miled Reyes-Gomez (Reyes) and her minor son, C.D.I.R,[*] natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals dismissing their appeal from the immigration judge's decision denying Reyes' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition for review.

We have reviewed the administrative record, including the transcript of the merits hearing and all supporting evidence, and considered the arguments pressed on appeal in conjunction with the record and the relevant authorities. We first conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the immigration judge's dispositive ruling, affirmed by the Board, that Reyes failed to show the requisite nexus between either the asserted past persecution, or the feared future persecution, and a statutorily protected ground, *see Velasquez v. Sessions*, 866 F.3d 188, 196 (4th Cir. 2017) (explaining that "private and purely personal dispute[s]" between people who have a preexisting, personal relationship do not qualify as "persecution 'on account of' a protected ground" as they "fall outside the scope of asylum protection"). *See also Cortez-Mendez v. Whitaker*, 912 F.3d 205, 209 (4th Cir. 2019) ("Whether a person's persecution shares a nexus with h[er] alleged protected ground is a question of fact entitled to deference and reviewed for clear error.").

_____

[*] C.D.I.R. was a derivative asylum applicant. *See* 8 U.S.C. § 1158(b)(3).

Next, with regard to the denial of Reyes' claim for CAT relief, we conclude that: (1) substantial evidence supports the relevant factual findings, *see Nasrallah v. Barr*, 140 S. Ct. 1683 (2020); and (2) the agency committed no legal error in its adjudication of Reyes' CAT claim, which relied on a "willful blindness" theory of government acquiescence, *see Rodriguez-Arias v. Whitaker*, 915 F.3d 968, 971-72 (4th Cir. 2019) (detailing parameters of this theory).

Accordingly, we deny the petition for review for the reasons stated by the Board. *See In re Reyes-Gomez* (B.I.A. June 25, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*